UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER DEWAYNE HOGAN,

    Plaintiff,

        v.                      CAUSE NO. 3:19-CV-288-RLM-MGG

RONALD NEAL,

    Defendant.

ORDER

    This case was referred to Magistrate Judge Michael G. Gotsch, Sr., pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b); to conduct a hearing as required by Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008) and prepare a report and recommendation. ECF 48. Magistrate Judge Gotsch held the *Pavey* hearing on June 1 and issued his report and recommendation on July 12, 2022. He found that the Indiana State Prison maintained a grievance system that allowed Christopher Hogan to submit a grievance appeal regarding inadequate medical care in early 2017. He further found that Mr. Hogan didn't submit a timely grievance appeal or request an extension of time regarding inadequate medical care in early 2017. He found that staff at the Indiana State Prison didn't render the grievance process unavailable to Mr. Hogan in early 2017. And he found that the January 2017 grievance was sufficient to alert the grievance officer to the nature of his medical claim against the Warden. Based on these findings, Magistrate Judge Gotsch recommended that this case be dismissed

without prejudice because Mr. Hogan didn't exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a).

Review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

The court makes a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objections have been made. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the court can only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) both require the parties to file objections to a report and recommendation within fourteen days of being served with a copy of the report and recommendation, and the Magistrate Judge alerted the parties to these requirements in his filing. ECF 91. More than a month has passed since the report and recommendation was issued, and no party has filed an objection

to the report and recommendation. Consequently, the court considers there to be no objections to it.

Having reviewed that report and recommendation (ECF 91) and finding no clear error, the court ADOPTS it in its entirety and incorporates magistrate judge Gotsch's recommendations into this order. The court DISMISSES this case WITHOUT PREJUDICE because Mr. Hogan didn't exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a).

SO ORDERED on August 17, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
